IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Cause No. CR 19-04-BU-DWM |
| Plaintiff, | |
| vs. | ORDER |
| JUAN JOSE CAMARENA, | |
| Defendant. | |

Defendant Camarena moves the Court for compassionate release under 18 U.S.C. § 3582(c)(1)(A) in light of the COVID-19 outbreak. He is currently serving a 188-month sentence for federal drug and firearms offenses. *See* Judgment (Doc. 35). His projected release date is September 26, 2032. *See* Inmate Locator, www.bop.gov/inmateloc (accessed Nov. 17, 2020). As of November 16, 2020, two staff members at FCI Herlong, California, where Camarena is incarcerated, n inmates and three staff members currently test positive for the virus or disease. Twelve inmates and six staff members have recovered. *See* Interactive Map, www.bop.gov/coronavirus (accessed Nov. 17, 2020).

After considering the sentencing factors in 18 U.S.C. § 3553(a), the Court may reduce Camarena's sentence if "extraordinary and compelling reasons warrant

1

such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i); *see also* U.S.S.G. § 1B1.13(1)(A) (Nov. 1, 2018).[1] A defendant's medical condition may constitute an "extraordinary and compelling reason." *See* U.S.S.G. § 1B1.13 cmt. n.1(A). Camarena must also show that he "is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2).

Just over a year ago, the Court carefully considered each factor under 18 U.S.C. § 3553(a) and found a sentence of 188 months was "sufficient, but not greater than necessary," to serve the objectives of federal sentencing. Of course, the Court did not contemplate at that time the advent of a global pandemic capable of spreading rapidly in a prison environment. But Camarena, who is now 38 years old, is not appreciably more vulnerable to the illness than other inmates or members of the general public. *See* Mot. for Release (Doc. 48) at 3 (asserting body-mass index of 34 and history of treatment for hepatitis C); *see also* Centers for Disease Control, *People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (accessed Nov. 17, 2020). He would have to be extremely

---

[1] The Court disregards the guideline's statements requiring a motion from the Director of the Bureau of Prisons because that requirement is now "contrary to the statute." *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 844 (1984); 18 U.S.C. § 3582(c)(1)(A) (authorizing court to act "upon motion of the defendant"); First Step Act of 2018, Pub. L. No. 115-391, tit. VI, § 603(b)(1), 132 Stat. 5194, 5239 (Dec. 21, 2018); *United States v. Wong*, 2 F.3d 927, 929–30 (9th Cir. 1993).

vulnerable indeed to warrant a reduction of his 188-month sentence to the 13 months he has served since sentencing. His mother's circumstances, *see id.*, are worthy of compassion but fail to support so drastic a reduction of Camarena's prison sentence.

Camarena's request is not well-taken. He offers no persuasive reason to believe his sentence is no longer "necessary to further the goal of specific deterrence and protect the public, because the defendant's history indicates he is a threat to engage in further criminal activity." Statement of Reasons (Doc. 36) at 4 § VIII; *see also* Sentencing Tr. (Doc. 42) at 17:10–24:24. Camarena's motion is denied pursuant to 18 U.S.C. § 3553(a).

Accordingly, IT IS ORDERED that Camarena's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) (Doc. 48) is DENIED.

DATED this __17th__ day of November, 2020.

                                                                          12:13 PM
                              Donald W. Molloy
                              United States District Court