IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Cause No. CR 19-04-BU-DWM |
| Plaintiff/Respondent, | CV 21-52-BU-DWM |
| vs. | ORDER DENYING § 2255 MOTION |
| | AND DENYING CERTIFICATE |
| JUAN JOSE CAMARENA, | OF APPEALABILITY |
| Defendant/Movant. | |

This case comes before the Court on Defendant/Movant Camarena's motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. Camarena is a federal prisoner proceeding pro se.

Because one of Camarena's claims concerns a plea offer from the United States that defense counsel advised him to reject, the Court ordered expansion of the record. *See* Rules 4(b), 7(a), Rules Governing § 2255 Proceedings; *United States v. Rodriguez-Vega*, 797 F.3d 781, 791–92 (9th Cir. 2015). The United States filed its two plea offers, and Camarena replied on March 14, 2022. *See* U.S. Resp. Exs. (Docs. 57-1, 57-2); Reply (Doc. 60).

## I. Preliminary Review

Before the United States is required to respond, the Court must determine whether "the motion and the files and records of the case conclusively show that

1

the prisoner is entitled to no relief."  28 U.S.C. § 2255(b); *see also* Rule 4(b), Rules

Governing Section 2255 Proceedings for the United States District Courts.  A

petitioner "able to state facts showing a real possibility of constitutional error

should survive Rule 4 review."  *Calderon v. United States Dist. Court*, 98 F.3d

1102, 1109 (9th Cir. 1996) ("*Nicolas*") (Schroeder, C.J., concurring) (referring to

Rules Governing § 2254 Cases).  But the Court should "eliminate the burden that

would be placed on the respondent by ordering an unnecessary answer."  Advisory

Committee Note (1976), Rule 4, Rules Governing § 2254 Cases, *cited in* Advisory

Committee Note (1976), Rule 4, Rules Governing § 2255 Proceedings.

## II. Background

On February 7, 2019, a grand jury indicted Camarena on two counts of

possessing a controlled substance with intent to distribute, each a violation of 21

U.S.C. § 841(a)(1).  Count 1 alleged 50 or more grams of actual

methamphetamine, and Count 2 alleged heroin.  Count 3 charged Camarena with

being a felon in possession of ammunition, a violation of 18 U.S.C. § 922(g)(1).

*See* Indictment (Doc. 1) at 2–3.  If convicted on Count 1, Camarena faced a

mandatory minimum prison term of ten years in prison and a maximum of life.

*See* 21 U.S.C. § 841(b)(1)(A)(viii) (eff. Aug. 3, 2010).  The maximum penalty on

Count 2 was twenty years and on Count 3 was ten years.  *See* 21 U.S.C. §

841(b)(1)(C) (eff. Aug. 3, 2010); 18 U.S.C. § 924(a)(2) (eff. Oct. 6, 2006).  The

offenses occurred on or about October 24, 2018.  *See* Indictment (Doc. 1) at 2–3.

Camarena appeared on the indictment on March 14, 2019.  Assistant Federal Defender John Rhodes was appointed to represent him.  *See* Order (Doc. 9).  Trial was set for May 6, 2019.  *See* Scheduling Order (Doc. 10).  Camarena sought and obtained an extension of the motions deadline and the trial date.  *See* Mot. (Doc. 12); Order (Doc. 15).

On May 23, 2019, Camarena filed a motion to change his plea to guilty without a plea agreement.  *See* Mot. (Doc. 16); Def. Acknowledgement and Waiver of Rights (Doc. 17).  The United States filed an offer of proof (Doc. 20).  On June 18, 2019, Camarena pled guilty to all three counts of the Indictment.  *See* Minutes (Doc. 21).  At the change of plea hearing, Camarena stated that counsel anticipated a "worst case scenario" advisory guideline range of 151 to 188 months.  *See* Change of Plea Tr. (Doc. 45) at 9:12–24.

A presentence report was prepared.  The parties filed sentencing memoranda on October 1, 2019.  On October 2, 2019, the case was reassigned to the undersigned for all proceedings, *see* Order (Doc. 33), as Judge Christensen was scheduled to preside over a jury trial, *see United States v. Hughes*, No. CR 18-38-M-DLC (D. Mont. jury trial held Oct. 7–11, 2019).

A sentencing hearing was held on October 10, 2019.  *See* Minutes (Doc. 34).  The Court found an advisory guideline range of 188 to 235 months and adopted the

presentence report without changes.  *See* Statement of Reasons (Doc. 36) at 1 §
I(A), III.  Camarena was sentenced to serve a total of 188 months in prison, to be
followed by five years' supervised release.  *See* Judgment (Doc. 35) at 2–3.

Camarena appealed a condition of his supervised release.  On October 9,
2020, the Court of Appeals affirmed the sentence.  *See United States v. Camarena*,
No. 19-30236 (9th Cir. Oct. 9, 2020) (Doc. 46) (unpublished mem. disp.).

Camarena filed a petition for writ of *certiorari*.  The United States Supreme
Court denied the petition on February 22, 2021.  *See* Clerk Letter (Doc. 51).

Camarena's conviction became final on February 22, 2021.  *See Gonzalez v.
Thaler*, 565 U.S. 134, 150 (2012).  He timely filed his § 2255 motion on July 1,
2021.  *See* Mot. § 2255 (Doc. 52) at 10; 28 U.S.C. § 2255(f)(1); *Houston v. Lack*,
487 U.S. 266, 276 (1988).

### III.  Claims and Analysis

Camarena makes three claims.  To the extent he asserts ineffective
assistance of counsel, his claims are governed by *Strickland v. Washington*, 466
U.S. 668 (1984).  At this stage of the proceeding, Camarena must allege facts
sufficient to support an inference (1) that counsel's performance fell below an
objective standard of reasonableness, *id.* at 687-88, and (2) that there is "a
reasonable probability that, but for counsel's unprofessional errors, the result of the
proceeding would have been different," *id.* at 694.  "[T]here is no reason . . . to

4

address both components of the inquiry if the defendant makes an insufficient

showing on one." *Id.* at 697.

## A. Case Reassignment

Camarena speculates that the Court did not have enough time to review the

case before sentencing and that counsel was ineffective for failing to request a

continuance. *See* Mot. § 2255 at 5. As stated on the record at sentencing, the

Court "reviewed the entire docket sheet, as well as all of the briefing that's been

filed, and the Presentence Investigation Report." Sentencing Tr. (Doc. 42) at 4:17–

19. The "briefing" included the memoranda as well as the attached exhibits and

letters (Docs. 30, 31, 31-1, 31-2, 32, 32-1). The reassignment occurred on October

2, more than a week before sentencing. *See* Order (Doc. 33).

Counsel's decision not to seek a continuance was reasonable. He also

lacked support in the record to raise this claim on appeal. In addition, Camarena

does not allege facts supporting an inference of prejudice.

Neither prong of the *Strickland* test is met. This claim is denied.

## B. Plea Offers

In his second claim for relief, Camarena alleges that counsel unreasonably

advised him to reject a favorable plea agreement. To obtain relief, Camarena must

show that he was offered a plea agreement and unreasonably advised to reject it.

He must also show a reasonable probability that he would have obtained a better

outcome if he had accepted the offer. For his relief, he requests modification of his sentence to reflect the offer he was unreasonably advised to reject. *See* Mot. § 2255 at 6; *see also Lafler v. Cooper*, 566 U.S. 156, 164, 168 (2012); *Missouri v. Frye*, 566 U.S. 134, 147 (2012); *Johnson v. Uribe*, 682 F.3d 1238, 1244–45, *amended*, 700 F.3d 413, 415 (9th Cir. 2012).

### 1. Is the Expanded Record Reliable?

The Court required the United States to submit "all written communications with Camarena's counsel concerning plea negotiations" and, if these communications did not present a complete picture of the negotiations, an affidavit. *See* Order (Doc. 56) at 1–2 ¶ 1. Camarena was permitted to admit or deny the correctness of the United States' response. *See id*. at 2 ¶ 3.

Camarena asserts that the two emails and two draft plea agreements submitted by the United States do not present the complete picture. He points to his attorney's filing of a motion to change his plea, which noted, on May 23, 2019, that "Government counsel has been notified of the filing of this motion." Mot. to Change Plea (Doc. 16) at 2; *see also* Reply (Doc. 60) at 2–3. This statement suggests a phone call or a word in a hallway, not, as Camarena asserts, the United States' concealment of additional written communications or meaningful oral negotiations. The two plea offers attached to the United States' response are typical of plea agreements in this District and are consistent with how Camarena's

case developed.

The Court perceives no need for an affidavit from the United States, for further exploration of the facts, or for input from the United States Probation Office, *see* Reply at 3.  The record, as expanded by the United States' response to the Order, is adequate to support a reliable decision.

### 2.  What Did the United States Offer?

According to Camarena, the United States offered a plea for "10 years," but counsel said accepting the offer would trigger a "career criminal enhancement."[1] Counsel proposed instead an agreement with no career offender enhancement and a 20-year maximum sentence.  Camarena agreed to it and pled guilty under that agreement.  Camarena avers that counsel's advice was unreasonable because his prior convictions did not qualify him for the enhancement.  *See* Mot. § 2255 at 6.

These allegations are misguided.  Camarena did not accept a plea agreement. As he acknowledged at the time, *see* Def. Acknowledgement and Waiver of Rights (Doc. 17) at 2 ¶ 1, 3–4 ¶ 7, he pled guilty to all three counts of the indictment with no plea agreement—often called an "open" plea.  The question is whether counsel's advice to enter an open plea was unreasonable.

---

[1]  Camarena was not charged under the Armed Career Criminal Act, *see* 18 U.S.C. § 924(e).  He may be referring to the career offender enhancement under the Sentencing Guidelines, *see* U.S.S.G. § 4B1.1 et seq., or possibly to the filing of an Information under 21 U.S.C. §§ 851 and 841(b)(1)(A).  For reasons explained in ¶¶ 3–4 below, there is no need to ascertain which provision is at issue.

7

The United States made two plea offers.  *See* U.S. Resp. Ex. 1 (Doc. 57-1 at 1); U.S. Resp. Ex. 2 (Doc. 57-2 at 1).  In the first, it offered to dismiss Counts 2 and 3 in exchange for Camarena's guilty plea to Count 1.  Camarena would have to waive his right to appeal the sentence if it fell within or below the advisory guideline range as determined by the Court, even if Camarena disagreed with the range.  He would also have to limit his right to pursue postconviction relief, under both 28 U.S.C. §§ 2241 and 2255, to claims alleging ineffective assistance of counsel.  The United States offered to waive its right to appeal a sentence within or above the advisory guideline range.  *See* U.S. Resp. Ex. 1 at 2 ¶ 2, 7 ¶ 8.

The second offer contained the same provisions.  It added a commitment by the United States to recommend a sentence at the low end of the advisory guideline range found by the Court.  *See* U.S. Resp. Ex. 2 at 6 ¶ 6.

Camarena was not offered a plea agreement involving a ten-year sentence or an agreement limiting the sentence to 20 years or to any other specific terms.

### 3.  Was Counsel's Advice Unreasonable?

Defense counsel could reasonably find that neither of the United States' offers was particularly favorable as compared to an open plea.  Both offers required Camarena to waive his right to appeal all aspects of the sentence and to restrict the content of claims he could raise if he wanted to pursue postconviction relief.  An open plea, by contrast, preserved the full scope of the appeal and

postconviction rights attendant to a guilty plea.  None of the three counts charged against Camarena required a consecutive sentence upon conviction.  Under the Sentencing Guidelines' rules for relevant conduct and grouping of offenses, the advisory guideline range did not change in any respect, regardless of whether Camarena pled guilty only to Count 1 or to all three counts.  *See* Presentence Report (Doc. 37) ¶¶ 36–39; *see also, e.g.*, U.S.S.G. §§ 1B1.3(a)(1)(A) & (3), 2D1.1 cmt. n.5, 3D1.2, 3D1.4 (Nov. 1, 2018).

Camarena had to choose between incurring three counts of conviction but preserving all available appeal and postconviction rights, on the one hand; or incurring one count of conviction but giving up all of his appellate and postconviction rights except claims of ineffective assistance, on the other hand. Recent history has imbued the latter option with some additional risk,[2] but even at the time Camarena made his decision, there was little objective basis for choosing between the two.  Whatever counsel actually recommended to Camarena, he could reasonably recommend acceptance of either plea offer or an open plea.

### 4.  Sentence Enhancements

Camarena's reference to a "career criminal enhancement" remains to be

---

[2] *See, e.g.*, *Allen v. Ives*, 950 F.3d 1184 (9th Cir. 2020) (recognizing circumstances in which a defendant may be "actually innocent" of a sentence enhancement and may pursue postconviction relief under 28 U.S.C. § 2241 without meeting the criteria of 28 U.S.C. § 2255(h)).

addressed.  It is also misguided.  He refers to Proposition 47.  *See* Mot. § 2255 at 6.

That measure reclassified simple drug possession offenses in California from

felonies to misdemeanors.  *See* Cal. Health & Safety Code §§ 11350, 11357(a),

11377; *see also, e.g.*, California Courts, "Proposition 47: The Safe Neighborhoods

and Schools Act," *available at* https://www.courts.ca.gov/prop47.htm (accessed

July 25, 2022).

The California offenses reflected in Camarena's presentence report were not

possession offenses.  They involved intent to sell or distribute or possession of

both drugs and a firearm.  *See* Presentence Report ¶ 50 (Counts 1, 2, 9).

Proposition 47 had no bearing on Camarena's case.  Further, even if Camarena

qualified for and obtained relief under state law, the federal sentencing

consequences would remain unchanged.  *See United States v. Yepez*, 704 F.3d

1087, 1091 (9th Cir. 2012) (en banc).

## 5. Counsel's Advice re: Likely Guideline Range

The Court notes that counsel anticipated an advisory guideline range of 151

to 188 months, while the actual range was 188 to 235 months.  *Compare* Change of

Plea Tr. (Doc. 45) at 9:12–24 *with* Statement of Reasons (Doc. 36) at 1 § III.  But

the range was the range.  It would have been the same regardless of whether

Camarena accepted either plea offer or neither plea offer.  He does not contend he

was interested in putting the United States to its burden of proof at trial.

10

Nor does the record suggest he could have had any realistic prospect of acquittal at trial.  Camarena was stopped by Highway Patrol officers following a high-speed chase, and drugs and ammunition were found in his vehicle.  *See* Offer of Proof (Doc. 20); Change of Plea Tr. at 15:14–18:8.  Had he faced sentencing after conviction by a jury, he probably would not have received any credit for acceptance of responsibility, and the advisory guideline range would have been 324 to 405 months.  *See* Presentence Report ¶¶ 41–42; U.S.S.G. ch 5, Part A (Sentencing Table).

### 6. Conclusion

Camarena does not show that he received unreasonable advice about his options or about the likely outcomes of accepting the United States' plea offers or entering an open plea.  His allegations do not meet the first prong of the *Strickland* test.  In addition, the advisory guideline calculation would have been the same under the two proposed plea agreements as it was for Camarena's open plea, and he received a sentence at the low end of the range.  He cannot show any cognizable prejudice from his rejection of the proposed agreements.

Neither prong of the *Strickland* test is met.  This claim is denied.

### C. Timing of Warrant

Camarena's third claim alleges that he "never received my full discovery" and there were "discrepanc[ies]" in the search warrant.  He contends that a picture

11

of a watch taken from him at his booking showed the time as 10:15 p.m.  The

search warrant was signed at 11:30 p.m.  He contends that the warrant should not

have been signed and issued after he had already been booked and photographed.

*See* Mot. § 2255 at 7.

The United States filed notice that it had provided discovery, and

Camarena's counsel did not indicate he did not receive discovery.  *See* U.S. Decl.

(Doc. 11).  At the change of plea hearing, Camarena stated that he "review[ed] all

the evidence in the case" with counsel.  Change of Plea Tr. at 5:22–24.

Camarena was subject to arrest for a traffic violation because he led highway

patrol officers on a high-speed chase on Interstate 90.  *See* Change of Plea Tr.

(Doc. 45) at 16:3–8; Presentence Report ¶¶ 10, 14; *see also* Addendum at 28

(showing no objections by defendant).  A warrant was obtained to search the

vehicle he drove.  *See* Change of Plea Tr. at 16:9–11; Presentence Report ¶ 11.

The warrant could only have been obtained after Camarena's arrest.  The sequence

of events is unremarkable.

Neither prong of the *Strickland* test is met.  This claim is denied.

## IV.  Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it

enters a final order adverse to the applicant."  Rule 11(a), Rules Governing § 2255

Proceedings.  A COA should issue as to those claims on which the petitioner

12

makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. §

2253(c)(2).  The standard is satisfied if "jurists of reason could disagree with the

district court's resolution of [the] constitutional claims" or "conclude the issues

presented are adequate to deserve encouragement to proceed further."  *Gonzalez v.*

*Thaler*, 565 U.S. 134, 140 (2012) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484

(2000)).

Camarena's claims reflect misunderstanding or mistaken recall of the basic

facts of his case.  The Court had adequate time to review the case file before

sentencing and said so at the sentencing hearing.  Camarena received two plea

offers from the United States, and counsel could reasonably have advised an open

plea.  Camarena obtained all the benefits offered in the agreements by entering an

open plea, and the open plea allowed him to retain all of his appeal and

postconviction rights while the plea offers did not.  The "discrepancy" between the

apparent time of Camarena's booking and the time at which a warrant was

obtained to search his vehicle is of no consequence.

None of Camarena's claims meets the relatively low threshold required for

issuance of a COA.  The Court sees no reason to encourage further proceedings.

Accordingly, IT IS ORDERED:

1.  Camarena's motion to vacate, set aside, or correct the sentence under 28

U.S.C. § 2255 (Doc. 52) is DENIED.

2.  A certificate of appealability is DENIED.  The Clerk of Court shall immediately process the appeal if Camarena files a Notice of Appeal.

3.  The Clerk of Court shall ensure that all pending motions in this case and in CV 21-52-BU-DWM are terminated and shall close the civil file by entering judgment in favor of the United States and against Camarena.

DATED this  27th  day of July, 2022.

_____   15:00 PM
Donald W. Molloy
United States District Court

14